UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

May 4, 2021

LETTER TO COUNSEL

    RE:   *Catherine D. v. Commissioner of Social Security*
           Civil No. DLB-19-1370

Dear Plaintiff and Counsel:

     On May 9, 2019, plaintiff, proceeding *pro se*, filed a complaint contesting actions by the Social Security Administration ("SSA"). ECF 1. The SSA answered the complaint on July 14, 2020, at which point plaintiff's motion for summary judgment became due on September 14, 2020. ECF 11. Not having received any communication from plaintiff, this Court ordered plaintiff to file a written response "explain[ing] how the [SSA] erred in adjudicating her claim" on September 20, 2020. ECF 12. Plaintiff was required to, "[a]t a minimum, . . . indicate that she intend[ed] to proceed with her complaint" by October 21, 2020. *Id.* Finally, the Court cautioned that failure to file a written response subjected her complaint to possible dismissal pursuant to Fed. R. Civ. P. 41(b). *Id.* Plaintiff did not file a written response. The Commissioner moved to dismiss plaintiff's complaint for failure to prosecute. ECF 13; *see* Fed. R. Civ. P. 41(b). On December 22, 2020, the clerk mailed plaintiff a notice informing her of the Commissioner's motion and the consequences to her case should the motion be granted. ECF 14.[1] Plaintiff has not opposed the motion or otherwise communicated with the Court.

     A court may dismiss a complaint for the plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b) (permitting a defendant to move for dismissal based on a plaintiff's lack of prosecution); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (noting a court's "inherent power" to dismiss cases *sua sponte* for want of prosecution). The Fourth Circuit instructs that trial courts should weigh four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). The factors supply a guideline rather than a "rigid four-prong test." *Id.* (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Powell, J.)).

---

[1] The notice was sent by certified mail. *See* ECF 14. Neither of the Court's notices sent to plaintiff were returned as undeliverable. *See* ECF 12; ECF 14.

*Catherine D. v. Commissioner of Social Security*
No. DLB-19-1370
May 4, 2021
Page 2

In this case, plaintiff has a history of dilatory prosecution. Plaintiff filed her complaint 23 months ago. *See* ECF 1. She has not taken any action in this case since May 11, 2020, when she filed a certificate of service. *See* ECF 9. She has failed to heed repeated warnings about filing deadlines in this case, first by allowing the deadline for her motion for summary judgment to pass, *see* ECF 11, then by allowing her deadline to file a written response ordered by the Court to pass, *see* ECF 12, and finally by failing to respond to the clerk's notice of possible dismissal, *see* ECF 13; ECF 14. Each of those deadlines were clearly set out in writing. *See* ECF 11; ECF 12; ECF 14. Because plaintiff proceeds *pro se*, the responsibility for filing ultimately is hers. Though she is entitled to some deference as a *pro se* plaintiff, *pro se* plaintiffs "as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 95–96 (finding the court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) where the judge warned the plaintiff that failure to obey a court order could result in dismissal of the case).

Because plaintiff repeatedly failed to respond to notices, sanctions less severe than dismissal likely could not induce plaintiff's action in this case. Indeed, plaintiff has not communicated with the Court whatsoever since May 11, 2020—nearly 11 months ago. In recognition of plaintiff's *pro se* status, this Court required only "[a]t a minimum" some indication that plaintiff intended to proceed with the case. *See* ECF 12. Plaintiff did not meet this low threshold.

Finally, the Commissioner is likely prejudiced by plaintiff's lack of response. What plaintiff did file does not give notice of the merits of her claim, as the statement of her claim contained in her complaint is simply that the SSA "[d]enied [her] appeal." ECF 1 at 6. The Commissioner thus has virtually no notice of plaintiff's asserted basis for relief. *See Huntington v. Colvin*, No. DKC-15-83, 2015 WL 5474272, at *2 (D. Md. Sept. 15, 2015). Accordingly, consideration of the four factors identified by the Fourth Circuit suggests that dismissal in this case is appropriate.

For the reasons set forth herein, the Commissioner's motion to dismiss, ECF 13, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge